## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SCOTT, as mother and next friend of her son, B.P., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> MID-DEL SCHOOLS BOARD OF EDUCATION, a governmental administration serving the Mid-Del School District, <br> RICK COBB, an individual in his official capacity as Superintendent of Mid-Del Schools, <br> ANDY COLLIER, as an individual, and in his official capacity as Principal of Kerr Middle School, <br> LESLIE BERGER, as an individual, and in her official capacity as Assistant Principal of Kerr Middle School, <br> GREG MCGUIRE, as an individual, and in his official capacity as Teacher at Kerr Middle School, <br><br> Defendants. | Case No. CIV-16-1027-M |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support, filed September 29, 2016. On October 18, 2016, plaintiffs responded, and on October 25, 2016, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiffs, Christina Scott ("Scott") and her son B.P., allege that B.P was the victim of bullying at Kerr Middle School ("KMS"). Plaintiffs allege that on March 1, 2016, during an incident when B.P. was being bullied by a student, defendant Greg McGuire ("McGuire"),

---
[1] The alleged facts set forth are taken from plaintiffs' Complaint.

teacher of B.P., responded to the alleged bullying by bullying B.P. himself in the form of yelling, cursing, and intimidating B.P. in front of the other students in class. B.P. informed Scott about the incident, and Scott complained to defendants Andy Collier ("Collier"), Principal at KMS, and Leslie Berger ("Berger"), Vice-Principal at KMS, about McGuire's conduct towards B.P. Collier and Berger removed B.P. from McGuire's classroom, but took no other action against McGuire.

On March 2, 2016, plaintiffs allege that B.P. walked into a bathroom located inside of KMS to change into his baseball clothes for baseball practice. The bathroom was in a hallway not normally used by McGuire.[2] McGuire saw B.P. walk down the hallway and enter the bathroom. McGuire waited a moment then allegedly followed and stalked B.P. into the bathroom, yelling insults at him upon entering. Plaintiffs allege that McGuire forcibly pushed open the bathroom stall door where B.P. was dressing. The door hit B.P. and pushed him back into the toilet and rear of the stall, resulting in numerous physical injuries. Plaintiffs allege that McGuire entered the stall, blocked the door, and continued to berate B.P. with curses and personal insults. Plaintiffs allege that B.P. pleaded with McGuire to stop, but McGuire continued to yell at B.P., all while B.P. was defenseless with his pants down.

Plaintiffs further allege that before and during the alleged incident with McGuire and B.P., students and faculty could hear the encounter in the bathroom and stopped to listen to the alleged altercation. Plaintiffs allege that Berger was standing outside of the entrance of the bathroom, heard B.P.'s cries and the alleged assault, waited for McGuire and B.P. to leave the bathroom, but did nothing about the situation. After the alleged incident, B.P. went to Scott, who was waiting in her car in the parking lot. Scott reported the incident to Collier and the police. Plaintiffs allege that Collier downplayed the incident to the police in an attempt to protect

---

[2] Plaintiffs allege that the school's video system captured B.P. walking down the hallway to the bathroom.

McGuire. Plaintiffs further allege that Collier later admitted, during a recorded phone conversation, that McGuire's actions were worthy of discipline and that he would be written up, so long as Scott promised not to reveal this information to the public; however, plaintiffs allege that McGuire was not adequately punished. Further, plaintiffs allege that Collier indicated that McGuire might encounter B.P. in the future, but McGuire would be counselled not to confront B.P. again. Plaintiffs also allege that Collier further indicated that if McGuire did this again he would be arrested. Plaintiffs allege that Collier advised that from then on B.P. would be required to change his clothes in the school office. As a result of the incident, plaintiffs allege that B.P. was too afraid to return to school and missed about a month of school due to the constant fear of McGuire and the distrust of the administration to properly protect him.

On September 2, 2016, plaintiffs filed this action against defendant Mid-Del Schools' Board of Education (the "District"), defendant Rick Cobb ("Cobb"), Superintendent of the District, in his official capacity, Collier, in his individual and official capacity, Berger, in her individual and official capacity, and McGuire, in his individual and official capacity.[3] Plaintiffs allege the following claims: (1) a constitutional violation of B.P.'s Fourteenth Amendment Substantive Due Process right, pursuant to 42 U.S.C. § 1983 ("Section 1983") (against all defendants); (2) assault and battery (against McGuire); (3) invasion of privacy (against McGuire); (4) false imprisonment (against McGuire); (5) intentional infliction of emotional

---

[3] Defendants contend that the claims against Cobb, Collier, Berger, and McGuire in their official capacities should be dismissed, as any claim against said defendants in their official capacities are against the District. Plaintiffs contend that bringing claims against said defendants in their official capacities provides the necessary clarification to indicate that the District is liable for its employees in their official capacities. While the Court understands plaintiffs' intention, the Court can decipher between which claims are being brought against defendants in their individual capacity and those being brought against the District for the actions of its employees; therefore, the Court dismisses the claims against Cobb, Collier, Berger, and McGuire in their official capacities, and, further, since no other claims were brought against Cobb, in his individual capacity, dismisses Cobb from this action entirely.

distress ("IIED") (against McGuire); (6) failure to properly train (against Cobb, Collier, and Berger); (7) failure to supervise (against Cobb, Collier, and Berger); and (8) failure to protect (against Cobb, Collier, and Berger).

Defendants now move this Court to dismiss plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, defendants contend that: (1) plaintiff has failed to plead sufficient facts to state a violation of B.P.'s civil rights by any named defendant; (2) plaintiffs have failed to state a claim of IIED against any defendant;[4] (3) the District is immune from liability based upon intentional torts asserted against McGuire;[5] (4) the District is immune from liability with respect to claims of negligent training, supervision, and failure to protect, pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"); (5) the District cannot be liable for punitive damages as alleged in plaintiffs' Complaint;[6] and (6) Collier, Berger, and McGuire are entitled to qualified immunity.

II.   Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

---

[4] In their Response, plaintiffs advise that they are only asserting their IIED claim against McGuire.

[5] In their Response, plaintiffs advise that their claims of assault and battery, invasion of privacy, false imprisonment, and intentional infliction of emotional distress are only being asserted against McGuire.

[6] In their Response, plaintiffs advise they are only seeking punitive damages against defendants named in their individual capacities.

> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully. Where a complaint pleads facts
> that are merely consistent with a defendant's liability, it stops short
> of the line between possibility and plausibility of entitlement to
> relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Section 1983 claim and qualified immunity defense

Defendants assert that plaintiffs have failed to plead sufficient facts to support their claim of a Substantive Due Process right violation against any defendant. Specifically, with respect to McGuire, defendants contend plaintiffs' claims are unsupported by sufficient facts to show McGuire is individually liable for violating B.P.'s Substantive Due Process right. In all school discipline cases, including school-inflicted corporal punishment, the Tenth Circuit has adopted a

form of "shocks-the-conscience test". *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 786-87 (10th Cir. 2013). Under this test, the substantive due process inquiry in all school discipline cases is "whether the force applied caused injury so severe, was so disproportionate to the needs presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* (citations and quotations omitted).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that, at this stage of the litigation, plaintiffs have alleged sufficient facts to support their claim that McGuire violated B.P.'s Substantive Due Process rights. Plaintiffs specifically allege that on March 2, 2016, after a verbal altercation with B.P. the day before, which resulted in B.P. being removed from McGuire's classroom, McGuire followed B.P. into a bathroom, not normally used by McGuire, forcibly pushed the bathroom door stall open, in which B.P. was dressing, causing injury to B.P, entered the bathroom stall with B.P., and blocked the bathroom stall door. Plaintiffs further allege that McGuire continued to berate B.P. with curses and personal insults; all the while, B.P. pleaded with McGuire to stop and was defenseless with his pants down. The Court, analyzing these alleged facts, can draw a reasonable inference, that McGuire, a teacher, was acting out of malice, and in retaliation for B.P. reporting the encounter between McGuire and B.P., which resulted in B.P. being removed from McGuire's classroom, when he forcibly entered the bathroom stall in which B.P., a student, was dressing, physically injuring and verbally assaulting an undressed B.P. The Court finds McGuire's actions of invading B.P.'s privacy by forcibly entering a bathroom stall B.P. was utilizing to get dressed, physically

injuring and verbally assaulting B.P. while blocking the bathroom stall, rises to the level of conscious-shocking acts that violate B.P.'s Substantive Due Process right.

Plaintiffs further allege that Collier and Berger violated B.P.'s Substantive Due Process right when they failed to protect B.P. from McGuire's actions. Specifically, plaintiffs allege that with respect to Collier, he knew that McGuire harbored animosity towards B.P., and he failed to protect B.P. from McGuire, and that Collier's actions in protecting McGuire and ostracizing B.P. helped in a cover-up of the situation which resulted in a denial of B.P.'s right to report the crime and prosecute McGuire. With respect to Berger, plaintiffs allege that she knew B.P. was being assaulted by McGuire and she failed to take action in protecting B.P. from the assault. Defendants contend that plaintiffs' allegations against Collier and Berger do not rise to the level of a valid danger-creation claim required to be alleged by plaintiffs.

Generally, state actors are only liable for their own acts that violate the substantive due process rights imbedded in the Fourteenth Amendment of the United States Constitution. *See Liebson v. N.M. Corr. Dep't*, 73 F.3d 274, 276 (10th Cir. 1996). However, state officials can be liable for the acts of third parties if those officials created the danger that caused the harm. *See Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2011) (citations and quotations omitted). To assert a valid danger-creation claim, a claimant must show that:

> (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specially definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscious shocking.

*Id.* at 917-918 (citation omitted).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds

that plaintiffs have failed to sufficiently plead a danger-creation claim against Collier and Berger. Plaintiffs allege that after Scott reported the first encounter between B.P. and McGuire to Collier and Berger, the two defendants took action to remove B.P. from McGuire's class. Specifically, the Court finds that on the day of the encounter in the bathroom between B.P. and McGuire, plaintiffs fail to allege any facts that would allow the Court to draw a reasonable inference that Collier or Berger personally had any control over the events that took place. Plaintiffs allege that B.P. walked into the bathroom and McGuire followed him, and then forcibly entered the stall in which B.P. was dressing. While plaintiffs allege that Berger stood outside of the bathroom and heard the altercation and did not intervene, plaintiffs do not allege any facts that Berger in any way provoked McGuire to enter the bathroom, or caused the altercation. Further, plaintiffs do not allege that Collier witnessed the altercation in any way. Considering the alleged facts that Collier and Berger took steps to distance B.P. from McGuire by removing B.P. from McGuire's classroom, which, in the Court's opinion, shows that Collier and Berger were trying to eliminate any potential harm to B.P. from McGuire, the Court finds that plaintiffs have failed to show how Collier and Berger acted in a reckless or conscious disregard of the potential harm to B.P. from McGuire. Therefore, the Court finds that plaintiffs' Section 1983 claim against Collier and Berger, in their individual capacities, should be dismissed.

Since plaintiff is also alleging a constitutional violation against B.P. by McGuire, Collier and Berger in their official capacities, the Court must determine if plaintiffs have plausibly alleged their Section 1983 claim against the District. To assert liability upon the District, plaintiffs must show: "(1) that a [District] employee committed a constitutional violation, and (2) that a [District] policy or custom was the moving force behind the constitutional deprivation." *Myers v. Ok. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). "Without a

8

constitutional violation, there can be no [District] liability." *Id.* "Further, in order to assert a [District] policy or custom was the moving force behind the alleged constitutional violation, plaintiff[s] must show that there was (1) a continuing, persistent and widespread practice of unconstitutional misconduct by the [District]'s employees; (2) deliberate indifference to or tacit approval of such misconduct by the district's policy making officials after notice to the officials of a certain misconduct; and (3) injury to plaintiff as a result of this custom, which was the moving force behind the alleged unconstitutional acts." *Gates v. Unified Sch. Dist. No.* 449, 996 F.2d 1035, 1041 (10th Cir. 1993).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have failed to sufficiently plead that the District violated B.P.'s Substantive Due Process right. Plaintiffs allege no specific policy implemented by the District that supported the alleged actions of McGuire. Plaintiffs allege that after the incident, Collier downplayed the incident to the police and told Scott that McGuire would be written up, so long as Scott promised not to reveal this information to the public. Further, plaintiffs allege that Collier did not adequately punish McGuire. While the way Collier handled this situation seems troubling, the Court finds that plaintiff did not allege any facts that would lead the Court to infer that this was anything more than an isolated event and was a custom or policy instituted by the District for handling situations such as the alleged events. Therefore, the Court finds that plaintiffs' Section 1983 claims against the District should be dismissed.

Additionally, defendants assert that plaintiffs' Section 1983 claim against Collier, Berger, and McGuire, individually, should be dismissed because they are entitled to qualified immunity.[7] "When a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Scott v. Hern*, 216 F.3d 897, 910 (10th Cir. 2000) (internal citations omitted). "To be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). A plaintiff can demonstrate that a constitutional right is clearly established "by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Id.* "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to meet their burden of establishing that McGuire is not entitled to qualified immunity. Specifically, while the Court finds McGuire did violate B.P.'s Substantive Due Process right, the Court further finds that plaintiffs provide no authority that would have clearly established that at the time McGuire allegedly physically and verbally assaulted B.P. in the bathroom stall, McGuire reasonably would have understood that his actions violated B.P.'s

---

[7] Since plaintiffs' Section 1983 claim has already been dismissed against Collier and Berger, the Court will only address defendants' contention as it pertains to McGuire.

Substantive Due Process right. Therefore, the Court finds that McGuire is entitled to qualified immunity as to plaintiffs' Section 1983 claim, and that plaintiffs' Section 1983 claim against McGuire, in his individual capacity, should be dismissed.

B. GTCA

Defendants assert that plaintiffs improperly named Collier and Berger in their individual capacities because, pursuant to the GTCA, defendants can only be named in their individual capacity if their alleged tort actions are committed outside the scope of their employment, and plaintiffs have failed to sufficiently allege that Collier and Berger acted outside the scope of their employment. It is well established that the GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *See Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). "Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner." *Id.* "Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment." *Id.* "More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned." *Id.*

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have not set forth factual allegations sufficient to allege that Collier and Berger acted outside the scope of their employment. In their Complaint, plaintiffs allege:

> All Defendants had a legally cognizable responsibility to properly train their employees to prevent harm to their students, *especially harm caused by the violence of their own staff members.*
>
> All Defendants had a legally cognizable responsibility to properly supervise their employees to prevent harm to their students, *especially harm caused by the violence of their own staff members.*
>
> After a complaint of bullying had been received by Defendants Collier and Berger, nothing was done to prevent further attacks on B.P. from Defendant McGuire.
>
> Defendants Collier and Berger were aware of Defendant McGuire's aggression and malice toward B.P., and yet did nothing to protect B.P. from McGuire's wanton disregard for student privacy and safety.
>
> Principal Collier and Assistant Principal Berger's utter failure to implement safeguards to protect B.P. from a dangerous and unstable teacher demonstrates the failure of Defendants Mid-Del Schools Board of Education and Superintendent Rick Cobb to carry out their responsibility to properly train and supervise their employees.
>
> All of the above-named Defendants have a duty to protect students from harm by themselves and others.
>
> Defendants Collier and Berger knew of the danger posed by keeping an aggressive unstable teacher in regular employment, but did nothing to protect B.P. from the direct danger that he faced by attending school.
>
> All of the above-named Defendants failed in their duty to protect B.P. from the hazardous situation created by employing a dangerous individual on their staff with a known animosity toward B.P.

Compl. ¶¶ 58, 63-67, & 69-71. The Court finds that based on the above allegations, plaintiffs have failed to allege any actions by Collier and Berger that were not within the scope of their employment. Specifically, Collier's and Berger's responsibility to train and supervise their employees, to prevent harm to their students, and to protect students from harm, are all responsibilities of Collier and Berger as employees of the District; therefore, the Court finds

12

plaintiffs' negligence claims are insufficient to impose individual liability against Collier and Berger and should be dismissed against said defendants.

Defendants further contend that under the GTCA the District is immune from liability as to plaintiffs' claims that the District, through its employees Collier and Berger, failed to properly supervise and train McGuire, as well as protect B.P. from McGuire's actions. The GTCA exempts a governmental entity from liability if a claim results from: "[a]doption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[;] [or] [p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees [.]" Okla. Stat. tit. 51, § 155(4) & (5).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that the District is exempted from liability, pursuant to the GTCA, regarding plaintiffs' claims that the District, through its employees Collier and Berger, failed to properly supervise and train McGuire, as well as protect B.P. from McGuire's actions. Specifically, this Court, in *Young v. Okla. City Pub. Sch., Indep. Sch. Dist. 89,* No. CIV-13-633-M, 2013 WL 6567144, slip op. at *3 (W.D. Okla. Dec. 13, 2013), has already determined that a school district's decision regarding hiring, retention, and supervision of its employees is a discretionary act, pursuant to § 155(5) of the GTCA and, therefore, immunizes the District from liability from plaintiffs' claims that the District failed to properly train and supervise McGuire. Further, as to plaintiffs' claims that the District failed to protect B.P. from McGuire, the Court finds that, pursuant to the Oklahoma Supreme Court decision in *Truitt v. Diggs*, 611 P.2d 633, 635 (Okla. 1980), where the court determined that a school district has a great deal of discretion in determining security measures

needed, § 155(5) of the GTCA exempts the District from liability with respect to plaintiffs' claim that the District failed to protect B.P., and, additionally, the Court finds § 155(4) of the GTCA exempts the District from liability regarding plaintiffs' claim that the District failed to adequately perform those duties or actions necessary to enforce or carry out the District's policies or customs regarding protecting B.P. from harassment and physical harm. Therefore, the Court finds that plaintiffs' claims for failure to properly train, failure to supervise, and failure to protect should be dismissed.

C. IIED

To prevail on a claim for IIED, plaintiffs must prove: (1) McGuire acted intentionally or recklessly; (2) McGuire's conduct was extreme and outrageous; (3) McGuire's conduct caused B.P. emotional distress; and (4) the resulting emotional distress was severe. *See Comput. Publ'n, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds, at this stage of the litigation, that plaintiffs have set forth a plausible claim of IIED against McGuire. Specifically, plaintiffs' allegations that McGuire forcibly entered the bathroom stall, while B.P. was in the stall changing his clothes, physically injuring B.P., and blocking the bathroom stall door and verbally assaulting B.P., while B.P. stood in the stall with his pants around his legs, defenseless against McGuire, rises to the level of extreme and outrageous conduct. Additionally, plaintiffs allege that following this incident, B.P. was too afraid to return to school and missed about a month of school due to his constant fear of McGuire, and that B.P. experienced severe emotional distress as result of the incident. The Court finds that based on

these alleged facts, plaintiffs' IIED claim has been sufficiently pled against McGuire and should not be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss and Brief in Support [docket no. 5] as follows:

(1) the Court GRANTS Defendants' Motion to Dismiss as to plaintiffs' claims against Cobb, Collier, Berger, and McGuire in their official capacities and against Collier and Berger in their individual capacities and DISMISSES Cobb, Collier, and Berger from this action;

(2) the Court GRANTS Defendants' Motion to Dismiss as to plaintiffs' Section 1983 claim, against the District and McGuire, in his individual capacity, and claims for failure to supervise, train and protect against the District and DISMISSES the District from this action; and

(3) the Court DENIES Defendants' Motion to Dismiss as to plaintiffs' IIED claim against McGuire in his individual capacity.[8]

**IT IS SO ORDERED this 17th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[8] The Court would note that plaintiffs' claims for assault and battery, invasion of privacy, and false imprisonment also remain against McGuire in his individual capacity.