## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SCOTT, as mother and next friend of her son, B.P., a Minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   NO. CIV-16-1027-HE ) |
| BYRON GREG McGUIRE, | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Christina Scott, as mother and next friend of her son, B.P., filed this action

against defendant Byron McGuire ("McGuire"), alleging her son's substantive due process

rights were violated.[1]  McGuire has moved for summary judgment.

Summary judgment is warranted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a).  Material facts are those which "might affect the outcome of the suit

under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A

dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Id.*  To determine whether this standard is met, the court views the

evidence in the light most favorable to the non-moving party.  *See* Estate of Booker v.

Gomez, 745 F.3d 405, 411 (10th Cir. 2014).  "[T]he plain language of Rule 56(c) mandates

---

[1] *Plaintiff also brought claims for invasion of privacy, false imprisonment, and intentional infliction of emotional distress against McGuire, a claim for violation of substantive due process against the school board and various school administrators, and claims for failure to properly train, supervise, and protect against the school administrators. These claims have been dismissed.*

entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## Background

In March 2016, B.P. was a student in the eighth grade at Kerr Middle School, and McGuire was a physical education teacher at the school.  B.P. was a student in McGuire's physical education class.  On March 1, 2016, B.P. quarreled with another student in the hallway, and the other student followed B.P. into his physical education class.  B.P. and the other student confronted each other.  The altercation was broken up, and both students went to the principal's office.  Plaintiff alleges that in the course of responding to the altercation between the students, McGuire bullied B.P. by yelling, cursing, and intimidating B.P. in front of the other students in the class.

After school on March 1, 2016 or before school on March 2, 2016, B.P.'s parents met with Kerr Middle School administrators and requested that B.P. be removed from McGuire's class.  B.P. was transferred to a different class, beginning on March 2, 2016, but McGuire was not informed of the transfer.  On March 2, 2016, McGuire noticed B.P. was not in his class as usual.

After the final class period on March 2, 2016, B.P. walked towards a bathroom to change into clothes for baseball practice.  At the same time, McGuire was standing in the hallway with two women teachers, as they had hall duty that day.  The two women teachers greeted B.P., and McGuire inquired as to why B.P. was not in class that day.  B.P. continued

walking and told McGuire to "ask the principals" why he was not in class and accused McGuire of being rude to him the day before.

B.P. walked into the bathroom and entered a toilet stall to change clothes. Approximately, 20 seconds later, McGuire entered the bathroom.  What happened after McGuire entered the bathroom is disputed by the parties.  According to B.P., McGuire yelled profanities at him while he was in the bathroom stall changing, forced open the stall door which hit B.P's arm and knocked him back, and continued to yell at him.  B.P. further alleges that he told McGuire to please get out of the bathroom.  According to McGuire, he entered the bathroom and asked B.P. what was going on and B.P. began shouting at McGuire, using profanity and accusing McGuire of not defending him during the March 1, 2016 encounter in the gym.  McGuire admits that he raised his voice but denies that he used profanity in the bathroom.  McGuire also denies that he touched B.P. in any way or that he opened or pushed the stall door.  McGuire was in the bathroom for 35 seconds.  An assistant principal called to B.P. and McGuire and told them to leave the bathroom. McGuire left the bathroom, and B.P. exited the bathroom 16 seconds after McGuire and said that he was going to get his mom.  Afterwards, B.P., his mother, an assistant principal, and the principal met in the principal's office.  B.P. never returned to the school after the incident and ultimately changed schools.

Based upon the incident in the bathroom, plaintiff brought this action against the school board, school administrators, and McGuire, alleging, in part, various violations of B.P.'s constitutional rights.  The court dismissed plaintiff's claims for constitutional violations.  As to McGuire, the court found he was entitled to qualified immunity.  Plaintiff

appealed the dismissal, and the Tenth Circuit reversed the court's grant of qualified immunity to McGuire.

### Analysis

The only remaining claim in this case is a § 1983 substantive due process violation claim against McGuire. In order to prevail on this claim, plaintiff must show that "the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Muskrat v. Deer Creek Pub. Sch., 715 F.3d 775, 786-87 (10th Cir. 2013). Despite the numerous factual differences between B.P.'s version and McGuire's version of what happened in the bathroom, McGuire asserts he is entitled to summary judgment because even assuming B.P.'s version is true, McGuire's conduct is not shocking to the conscience. Alternatively, McGuire asserts that he is entitled to qualified immunity because plaintiff cannot show conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known.

In his deposition, B.P. testified regarding the incident as follows:

> I was walking in from getting my baseball gear to go change in the bathroom. As I was walking in, [McGuire] was standing in the hallway. He had asked me, why were you not in my class today? And I said, because of the incident yesterday. You need to go talk to the principals about it. Nothing else was said.
> I headed into the bathroom, and I went into the stall to go change. And then I just remember him yelling from the second he walked in, to why are you being disrespectful? Why are you being such a punk ass? You need to learn to use more respect when you're talking to me. You need to get the hell

out of here.  We're going to go talk to the principals right now.
Stop being such a piece of shit.  And just kept calling me more
names.  And his voice got louder.  And I said, you need to get
out right now.  You're not even supposed to be in here.  You
need to leave.  I'm changing.  And he just got louder.  And he
said, don't yell at me.  He hit open the stall door, knocking me
back and hitting my right arm.

And then, after that happened, I was cornered, and I felt
scared and threatened.  And Ms. Berger [the assistant principal]
was standing outside.  And she yelled at us both.  And she said,
you all two need to get out here.  And we ended up going out
there.  And I just said, he just attacked me.  I just told her that
he attacked me.  And she was, like, well, we need to go to the
principal's office.  I said, I need to go get my mom first.

Deposition of B.P. at p.31, ln 4 – p. 32, ln 8.

Viewing the evidence in the light most favorable to plaintiff, the court concludes

plaintiff has submitted sufficient evidence to create a genuine issue of fact as to whether

McGuire's conduct amounts to a brutal and inhumane abuse of official power that is

shocking to the conscience.  Additionally, assuming the incident occurred as described by

B.P., the court concludes that McGuire's conduct violated clearly established law.  In this

case, the Tenth Circuit previously held that McGuire's conduct, as alleged in the complaint,

"sufficiently resembles the conduct we held unconstitutional in *Garcia* such that 'a

reasonable official in [his] position would have known that [his] actions violated [B.P.'s]

clearly established right'."  February 15, 2018 Order and Judgment [Doc. #21] at 9.  The

evidence submitted by plaintiff is substantially the same as the allegations set forth in her

complaint, and the court sees no reason the Tenth Circuit's ruling is not still applicable.

Accordingly, McGuire is not entitled to summary judgment on plaintiff's substantive due

process claim.

**Conclusion**

Defendant's Motion for Summary Judgment [Doc. #43] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 1st day of August, 2019.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE